# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED SATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 CR 0251 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| PIOTR KRASINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 27, 2004, Defendant, Piotr Krasinski, pled guilty to one count of conspiracy to distribute 3,4 methylenedioxymethamphetamine, in violation of 21 U.S.C § 846, and one count of conspiracy to engage in money laundering to promote the controlled substance business, in violation of 18 U.S.C. § 1956(h). The plea agreement provided that the parties disagreed as to the drug amounts and quantity, and Krasinski agreed to admit to an enhancement for obstruction of justice. Presently before the Court is Defendant's Motion to Withdraw Guilty Plea.

## BACKGROUND

At the May 27, 2004 plea hearing, the Court inquired of Krasinski whether he was competent and had an opportunity to consult with his attorney. The Court ensured that Krasinski's decision to plead guilty was not the result of any threat, promise, or other factor that would affect the voluntariness of the plea. The Court also reviewed with Krasinski the applicable maximum statutory penalties at the time of the guilty plea and ensured that Krasinski understood such penalties. The

Court advised Krasinski that it was not bound by the preliminary guideline calculations and could impose whatever sentence the Court thought appropriate under the guidelines that were within the statutory maximum penalties.

Krasinski's Presentence Investigation Report ("PSIR") was completed on July 28, 2004. On October 9, 2004, Krasinski filed his objections to the PSIR. On October 20 2004, the Government filed its response to Krasinski's objections to the PSIR.

On October 26, 2004, Krasinski's sentencing hearing was held. Following the Court's ruling on Krasinski's objections to the PSIR, Krasinski announced he intended to file a motion to withdraw his guilty plea. The Court proceeded to sentence Krasinski, staying the execution of the judgment and commitment order until January 19, 2005.

On November 2, 2004, Krasinski filed his Motion to Withdraw Guilty Plea. Krasinski seeks to withdraw his guilty plea, arguing that he and his counsel were mistaken as to the burden of proof the Government was required to present to the Court as to the amount of pills involved in the alleged crime and as to any of the enhancements alleged, based upon the rulings in *Blakely v. Washington*, 124 S. Ct 2531 (2004) and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, ___ U.S. ___ (2005) 2005 WL 50108 (Jan. 12, 2005). Krasinski contends that in light of the *Blakely* and *Booker* rulings, requiring the higher burden of proof of beyond a reasonable doubt, he would not have agreed to the plea agreement because his agreement to such plea was based on his understanding that the lower standard of proof by a preponderance of the evidence would be applied.

## ANALYSIS

A defendant does not have an absolute right to withdraw his guilty plea. *See United States v. Pike*, 211 F.3d 385, 388 (7th Cir. 2000) (*Pike*). Prior to sentencing, the court may permit a

2

defendant to withdraw his plea if he presents a "fair and just" reason for doing so. *See* Fed. R. Crim. P. 32(e). The burden of justifying such rests with the defendant. *Pike*, 211 F.3d at 288.

Factors considered in determining whether a defendant has demonstrated a fair and just reason to withdraw a guilty plea include: (1) the timeliness of the defendant's attempted plea withdrawal, (2) whether the defendant has asserted or maintained his innocence, and (3) the voluntariness of the plea. *See United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998); *United States v. Vlamakis*, 872 F. Supp. 533, 538 (N.D. Ill. 1995) (*Vlamakis*); Fed. R. Crim. P. 32(d) Advisory Notes (1983 Amendment).

The timing of Krasinski's motion weighs heavily against Krasinski. Krasinski informed the Court of his intent to withdraw his guilty plea more than four months after his guilty plea and only after the Court had ruled on his objections to the PSIR. Furthermore, four months had elapsed since the rulings in *Blakely* and *Washington*, which form the basis of Krasinski's argument. *See Vlamakis*, 872 F. Supp. at 538 (denying motion to withdraw guilty plea that was filed more than four months after guilty plea and after PSIR was completed); *United States v. Scott*, 929 F.2d 313, 315-16 (7th Cir. 1991) (defendant's "incorrect estimates" and disappointed "secret expectations" as to a potential sentence do not justify withdrawal of guilty plea).

Krasinski also seeks to withdraw his plea because there is a chance that he would receive a different sentence under the reasonable doubt standard of proof as compared to the preponderance of the evidence standard. Thus, Krasinski's justification for withdrawing his plea is not meritorious. *See United States v. Rodriguez-Rodriguez*, 2004 WL 2095673 (N.D. Ill. Sept, 17, 2004); *United States v. Reyes-Acosta*, 334 F. Supp. 2d 1077, 1081-82 (N.D. Ill. 2004) (collectively, denying motion to withdraw guilty plea based on defendant's argument that the holdings in *Blakely* and *Washington*

3

might have changed the calculus of his plea decision); *see also Brady v. United States*, 397 U.S. 742, 757 (1970) (defendant cannot withdraw guilty plea "simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty . . . has been held inapplicable in subsequent . . . decisions."

There is also no evidence that Krasinski's plea was not voluntary. The Court conducted the plea proceedings in strict conformity with Rule 11's requirements. Krasinski's guilty plea was not accepted until the Court addressed Krasinski personally in open court and determined that the plea was voluntary and not the result of force or threats or promises apart from the plea agreement. In addition, the long delay in seeking to withdraw the guilty plea is also contrary to any claim that the guilty plea was coerced. *See Vlamakis*, 872 F. Supp. 2d at 538.

In light of the extensive Rule 11 inquiries by the Court before accepting Krasinski's plea, no evidentiary hearing is required on Krasinski's Motion to Withdraw Guilty Plea. *See United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992); *United States v. Fountain*, 777 F.2d 351, 358 (7th Cir. 1985).

## CONCLUSION

For the reasons stated above, Krasinski has failed to present a fair and just reason to withdraw his plea of guilty. Accordingly, Defendant's Motion to Withdraw Guilty Plea is denied.

Dated: *January 24, 2005*

JOHN W. DARRAH
United States District Judge

4